■ MUHAMMED ANWAR et al., Respondents, v HELLMAN MANAGEMENT et al., Appellants, et al., Defendants. (Action No. 1.) STEPHEN McCAULY, Respondent, v ULRIK HOLDING, LTD., et al., Appellants. (Action No. 2.) MOHAMMED MANIR et al., Respondents, v ULRIK HOLDING, LTD., et al., Appellants, et al., Defendant. (Action No. 3.) DOUGLAS HAMPTON et al., Respondents, v

Ulrik Holding, Ltd., et al., Appellants, et al., Defendants. (Action No. 4.) [790 NYS2d 133]—

In four related actions, inter alia, to recover damages for negligent maintenance of a building, (1) the defendants Hellman Management, Marvin Hellman, Ulrik Holding, Ltd., and Rozmar Realty Co. appeal from an order of the Supreme Court, Kings County (Knipel, J.), dated September 3, 2003, which denied their motion for summary judgment dismissing the complaint in action No. 1 insofar as asserted against them, (2) the defendants Ulrik Holding, Ltd., and Hellman Management appeal from an order of the same court also dated September 3, 2003, which denied their motion for summary judgment dismissing the complaint in action No. 2, (3) the defendants Ulrik Holding, Ltd., and Hellman Management appeal from an order of the same court also dated September 3, 2003, which denied their motion for summary judgment dismissing the complaint in action No. 3 insofar as asserted against them, and (4) the defendants Ulrik Holding, Ltd., Hellman Management, and Rozmar Realty Co. appeal from an order of the same court also dated September 3, 2003, which denied their motion for summary judgment dismissing the complaint in action No. 4 insofar as asserted against them.

Ordered that the orders are affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

A party moving for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law by submitting sufficient evidence to demonstrate the absence of a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Zuckerman v City of New York,* 49 NY2d 557 [1980]). Here, the appellants demonstrated the absence of a triable issue of fact with respect to their negligence in the occurrence of the collapse of the building in which the plaintiffs either resided or housed their businesses. Therefore, the appellants' motions were sufficient to make out a prima facie case for summary judgment (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]; *Zuckerman v City of New York, supra*). However, in opposition, the plaintiffs raised a triable issue of fact as to whether the appellants' alleged improper maintenance of the building was a proximate cause of the collapse. Accordingly, the Supreme Court properly denied the motions.

The appellants' remaining contentions are without merit. Schmidt, J.P., Adams, Cozier and S. Miller, JJ., concur.